J-S43039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANGEL VASQUEZ-DIAZ | : | |
| | : | |
| Appellant | : | No. 1884 EDA 2023 |

Appeal from the PCRA Order Entered June 29, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008880-2012

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED JANUARY 14, 2025**

Angel Vasquez-Diaz appeals *pro se* from the order denying his untimely second petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and prolonged procedural history are as follows:  On May 24, 2013, a jury convicted Vasquez-Diaz of rape and related charges as a result of his actions toward his then-girlfriend's nine-year-old daughter.  On September 17, 2023, the trial court imposed an aggregate sentence of 35 to 70 years of imprisonment.  This total included two mandatory minimums pursuant to 42 Pa.C.S.A. § 9718.  The court also imposed lifetime reporting as a Tier III offender under the Sex Offender Reporting and Notification Act (SORNA).[1]  Vasquez-Diaz appealed.  On May 27, 2017, this Court affirmed his

_____

[1] 42 Pa.C.S.A. §§ 9799.10-9799.75.

convictions, but vacated the judgment of sentence because our Supreme Court had held Section 9718 to be unconstitutional in **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016). **Commonwealth v. Vasquez-Diaz**, 170 A.3d 1237 (Pa. Super. 2017) (non-precedential decision).

After remand, the trial court resentenced Vasquez-Diaz, but filed a written sentencing order that conflicted with the sentence announced from the bench. Vasquez-Diaz appealed. On January 9, 2019, this Court vacated the new judgment of sentence and remanded for the limited purpose of correcting a "clear clerical error." **Commonwealth v. Vasquez-Diaz**, 209 A.3d 490, at *3 (Pa. Super. 2019) (non-precedential decision).

Following this second remand, the trial court resentenced Vasquez-Diaz to the intended aggregate 35 to 70 years of imprisonment, with the same SORNA requirements, on June 11, 2019. Vasquez-Diaz did not seek further review.

On August 19, 2019, Vasquez-Diaz filed a *pro se* PCRA petition and the PCRA court appointed counsel who later withdrew. The court appointed new counsel, who filed an amended petition on June 11, 2021. Both before and after the filing of this counseled amendment, Vasquez-Diaz filed various motions, including an amended PCRA petition on January 18, 2022, as well as a motion to remove PCRA counsel and proceed *pro se*. Thereafter, the Commonwealth filed a motion to dismiss. On January 11, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Vasquez-Diaz's counseled amended petition because it was meritless. Neither PCRA counsel

nor Vasquez-Diaz filed a response. By order entered March 1, 2022, and reissued March 14, 2022, the PCRA court denied the amended petition.

Both Vasquez and PCRA counsel filed notices of appeal that were docketed separately and assigned different case numbers by this Court's prothonotary. Even though it had already dismissed Vasquez-Diaz's amended petition, on May 16, 2022, the PCRA court held a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) to determine whether Vasquez-Diaz wished to proceed *pro se* on appeal from the dismissal of his first PCRA petition. Subsequently, the PCRA court ruled that Vasquez-Diaz's decision to proceed *pro se* was knowing, intelligent and voluntary.[2]

On July 7, 2022, Vasquez-Diaz filed a *pro se* document docketed as a "Supplement PCRA Amended PCRA Petition" that was identical to what he had filed *pro se* on January 18, 2022. On July 12, 2022, this Court dismissed Vasquez-Diaz's *pro se* appeal as duplicative of the appeal filed by PCRA counsel.

---

[2] The PCRA court held the *Grazier* hearing without a remand from this Court. Vasquez-Diaz had litigated his initial direct appeal *pro se*. Although still court-appointed, PCRA counsel did not appear for the hearing. A second hearing was held on held on September 15, 2022 to complete the *Grazier* process. At that time, PCRA counsel was permitted to withdraw and Vasquez-Diaz proceeded *pro se.*

The PCRA court held another hearing on July 14, 2022. According to the Commonwealth,[3] the PCRA court asked it if the petition Vasquez-Diaz filed on July 7th was a new petition or a supplemental petition. The Commonwealth respond that, although it was docketed as a supplemental petition, it was actually a subsequent PCRA petition. According to the Commonwealth, the court then asked PCRA counsel to withdraw Vasquez-Diaz's counseled appeal and the court would then proceed on the subsequent petition. PCRA counsel discontinued Vasquez-Diaz's appeal on August 10, 2022.

On November 16, 2022, the Commonwealth filed a letter brief asserting that Vasquez-Diaz's second PCRA petition was untimely and failed to meet any of the time-bar exceptions. However, on January 18, 2023, the Commonwealth filed another letter brief:

> In this brief, the Commonwealth reiterated that [Vasquez-Diaz's] petition was untimely but also observed that [Vasquez-Diaz ]—who raised in his second PCRA petition the same claims he had already raised in his first—was apparently attempting to pursue further review of those claims. Because the only recognized procedure for seeking further review would be to appeal, and because [Vasquez-Diaz] had already discontinued his PCRA appeal without any indication that he understood the legal consequences, the Commonwealth expressed that it would not oppose *nunc pro tunc* reinstatement of [Vasquez-Diaz's] PCRA appeal right, if he sought that relief. However, [Vasquez-Diaz] never filed for reinstatement of his appeal rights.

Commonwealth's Brief at 6-7.

_____

[3] A transcript of this hearing does not appear in the certified record.

On February 17, 2023, the PCRA court issued a Rule 907 notice of its intent to dismiss Vasquez-Diaz's second petition because it was untimely filed and he did not raise any exception to the PCRA's time bar. In this notice, the PCRA court informed Vasquez-Diaz as follows:

Your judgment of sentence became final for PCRA purposes on July 11, 2019. You filed a timely PCRA petition which was dismissed on its merits on March 14, 2022. Subsequently, you filed several motions to proceed *pro se*. Following a **Grazier** hearing, this [c]ourt found that you had the capacity to represent yourself. You instructed [PCRA counsel] to withdraw the appeal of your first PCRA petition's dismissal because you wanted to "reinstate" your original PCRA petition and argued that it was counsel's petition that was dismissed, not your own. When presented with your available legal options, on May 16, 2022, **you instructed this [c]ourt that you would like to file a new PCRA petition**.

On July 7, 2022, you filed an Amended Petition for Relief Pursuant to the Post Conviction Relief Act, which was manifestly untimely. **See** 42 [Pa.C.S.A.] § 9545(b)(1). Thus, for this [c]ourt to have jurisdiction to review the merits of your claim the burden fell on you to plead and prove that one of the enumerated exceptions to the timeliness provisions set forth in 42 [Pa.C.S.A.] § 9545(b) applied to your case. You did not plead anything to address any of the enumerated exceptions under the statute.

\*\*\*

As you failed to plead and prove one of the exceptions to the PCRA's time-bar, this [c]ourt is without jurisdiction to consider the merits of your claim or offer any form of relief. Accordingly, this Court is constrained to dismiss your petition as untimely without exception.

Rule 907, 2/1/23, at 1-2 (emphasis added).[4]

_____

[4] According to the Commonwealth, the PCRA court held another hearing on June 22, 2022, at which time Vasquez-Diaz confirmed that he had received

*(Footnote Continued Next Page)*

Vasquez-Diaz did not file a response. By order entered June 29, 2023, the court denied the PCRA petition. This appeal followed. Both Vasquez and the PCRA court have complied with Pa.R.A.P. 1925.

Vasquez-Diaz presents multiple issues in his *pro se* brief. Before addressing these claims, we must first determine whether the PCRA court correctly found that Vasquez-Diaz's 2022 PCRA petition was untimely.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petitioner alleges and proves that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the

_____

the Commonwealth's letter briefs "but expressed uncertainty that he understood them." Commonwealth's Brief at 7. Once again, a transcript of this proceeding does not appear in the certified record.

lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, as noted by the PCRA court, Vasquez-Diaz's judgment of sentence became final on July 11, 2019, thirty days after the time for filing a direct appeal after he was resentenced expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Vasquez-Diaz had until July 10, 2020, to file a timely petition. Because Vasquez-Diaz filed the petition at issue in April 2023, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

The PCRA court found that Vasquez-Diaz did not plead and prove an exception to the PCRA's time bar. Our review of the petition confirms this conclusion. Vasquez-Diaz did include in his second PCRA petition the following paragraph:

16. Petitioner requests reinstatement of PCRA appellate rights nunc pro tunc, pleads an exception to the time-bar[.] See Commonwealth v. Bennett[,] 593 Pa. 382[,] 930 A.2d 1264 (Pa. 2007), requests counsel assistance please.

- 7 -

Petition, 7/7/23, at 2.[5]  In **Bennett**, our Supreme Court held that the PCRA petitioner was entitled to the application of the newly-discovered fact exception under Section 9545(b)(ii), because he asserted that he was unaware his counsel had abandoned him on appeal.  Here, any claim by Vasquez-Diaz that he was abandoned by PCRA counsel is refuted by the record; Vasquez participated in all the **Grazier** hearings and, according to the PCRA court, instructed PCRA counsel to withdraw the appeal.

Additionally, in its appellate brief, the Commonwealth states that, given the "unusual circumstances" outlined above, Vasquez-Diaz may be able to establish the governmental-interference exception to the PCRA's time bar. **See** Commonwealth's Brief at 11-15.  The Commonwealth states that "a limited remand is warranted to permit [Vasquez-Diaz] to amend his petition to invoke the governmental interference exception to the PCRA's 1-year time limit and seek reinstatement of his PCRA appellate rights *nunc pro tunc*." **Id.** at 15.  Despite the Commonwealth's unusual advocacy for Vasquez-Diaz, we decline to vacate the order denying post-conviction relief and remand.

_____

[5] On November 12, 2024, Vasquez-Diaz filed "Petition for Amicus Curiae" in which he seeks the assistance of counsel to help him amend his PCRA petition because his "reliance on [the PCRA] court's procedural error or mistaken advice may satisfy the governmental interference exception.  Petition, 11/12/24, at 1 (citing **Commonwealth v. Blackwell**, 936 A.2d 497, 498-501 (Pa. Super. 2007).  Vasquez-Diaz does not have a pending PCRA petition.  Moreover, he would not be entitled to the appointment of counsel for a subsequent petition.  **Commonwealth v. Vega**, 754 A.2d 714, 719 (Pa. Super. 2000).  Thus, we deny Vasquez-Diaz's motion.

In sum, the PCRA court correctly found that Vasquez-Diaz did not plead and prove an exception to the PCRA's time bar in his second PCRA petition. Thus, because Vasques-Diaz's 2023 petition was untimely, the PCRA court lacked jurisdiction to consider its merits. **Derrickson, supra**. We therefore affirm the PCRA court's order denying Vasquez-Diaz post-conviction relief.[6]

Petition for Amicus Curiae denied. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/14/2025</u>

---

[6] Even if the PCRA court had jurisdiction to consider Vasquez's substantive claims, we note the PCRA court has filed a thirty-page opinion which thoroughly explains, to the extent possible, each claim Vasquez-Diaz sought to raise on appeal and why it is meritless. Our review of the record supports the PCRA court's conclusions. Thus, even if Vasquez-Diaz had litigated his appeal *pro se*, and we considered his claims, he would not have been entitled to relief.